IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EARTHMOVERS, INC.,

             Plaintiff,

v.                                   Case No. 07-4134-SAC

SHON MASSEY, SHON MASSEY
TRUCKING, INC., and TRI-STATE
TRUCKING, LLC,

             Defendants.

## ORDER

       This matter comes before the court upon the Motion to Join Additional Parties (Doc. 2) by defendants Shon Massey, Shon Massey Trucking, Inc. (Massey Trucking), and Tri-State Trucking, LLC (Tri-State). Specifically, defendants request an order from the court making D&K Trucking, Inc. (D&K), and Mont's Welding Service, Inc. (Mont's) plaintiffs to the counterclaim stated in Defendants' Answer and Counterclaim.  Further, defendants request Richard T. Bailey be made a defendant to the counterclaim stated in Defendants' Answer and Counterclaim.  A response has been filed by plaintiff Earthmovers, Inc. (EMI) opposing the joining of Mr. Bailey as a counterclaim defendant (Doc. 16).  No reply has been filed and the time for doing so has passed.  Therefore, the court is prepared to rule.

**I.**     **Relevant Factual Background**

       Plaintiff commenced this action in the District Court of Washington County, Kansas on October 26, 2007.[1]  Specifically, plaintiff alleges that it and Mr. Massey, on behalf of Massey Trucking, entered into an agreement with EMI for Massey Trucking to provide consulting

---

[1] *See* Petition (Doc. 1-2).

services relative to the design of oil field winch trucks.  Pursuant to the "Consulting Agreement," Mr. Massey was to be compensated from the sale of trucks he would help design.  Tri-State, partly owned by Mr. Massey, was to purchase nine of the trucks designed by him.  However, as a result of delays caused by Mr. Massey's design changes, Tri-State purported to cancel its purchase agreement with EMI relative to four medium duty trucks and a large twin steer truck.

In its complaint, plaintiff brings several causes of action against various defendants. First, EMI asks the court to enter judgment declaring the "Consulting Agreement" between Massey Trucking and plaintiff terminated and that plaintiff owes no obligations under it to defendants.[2]  Second, against Tri-State, plaintiff brings breach of contract and quantum meruit claims.[3]  Third, against Mr. Massey, plaintiff brings a claim of misrepresentation.[4]

On November 20, 2007 defendants filed a Notice of Removal pursuant to 28 U.S.C. §§ 1441, et.seq.[5]  In its counterclaim defendants allege that D&K and Mont's were the eventual purchasers of two of the nine trucks subject to the original purchase agreement between EMI and Tri-State.  D&K and Mont's claim an interest in $708,790.19 that EMI and Mr. Bailey received as a deposit under the purchase agreement.  The defendants believe that EMI and Mr. Bailey have co-mingled the deposit funds and an accounting is needed to determine the exact distribution of the deposit.  Additionally, defendants allege Mr. Bailey is a proper counterclaim defendant because he is the alter ego of EMI and money deposited to EMI may be in the possession of Mr. Bailey.  Defendants, D&K and Mont's also claim that they delivered units to

---

[2] *Id.* at 5.

[3] *Id.* at 5-6.

[4] *Id.* at 7.

[5] (Doc. 1).

EMI and Mr. Bailey in furtherance of the purchase agreement, but EMI and Mr. Bailey failed to produce the winch trucks on time.

In their Answer and Counterclaim, defendants bring the following claims: Massey Trucking, Tri-State, D&K and Mont's allege breach of contract against EMI and Mr. Bailey;[6] Mr. Massey alleges breach of contract against EMI and Mr. Bailey;[7] an accounting involving all parties;[8] and Tri-State, D&K, and Mont's bring replevin and injunctive relief actions against EMI and Mr. Bailey.[9]

## II.    Parties Contentions

In their motion, defendants contend D&K and Mont's should be joined to defendants' counterclaims because they allege breach of the same purchase agreement made between EMI and Tri-State.  They also claim an interest in the $708,790.19 that EMI received as deposit under the purchase agreement.  Finally, D&K and Mont's claim an interest in trucks currently in EMI's possession and request replevin and injunctive relief for their return.

EMI claims that Mr. Bailey should not be joined as a counterclaim defendant because under the Kansas General Corporations Code no action against any officer for any debt of a corporation shall be brought until judgment be obtained against the corporation and execution thereon returned unsatisfied.  Therefore, EMI asserts that the defendants must first be unsuccessful at collecting a judgment against EMI before they may bring any action against Mr. Bailey.

---

[6] Answer and Counterclaim (Doc. 6) at 11.

[7] *Id.* at 13.

[8] *Id.* at 15.

[9] *Id.* at 16-17.

## III.    Discussion

Fed. R. Civ. P. 13(h) provides "Persons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20."

### A.    Rule 19. Joinder of Persons Needed for Just Adjudication

Fed. R. Civ. P. 19(a) states that a party is necessary to an action if:

(1) in the person's absence complete relief cannot be accorded amoung those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

### 1.    D&K and Mont's as Necessary Parties

The court finds that because D&K and Mont's claim an interest in the $708,790.19 deposit that EMI received under the purchase agreement they are a necessary parties.  Both D&K and Mont's claim an interest in the deposit, as well as Tri-State and Massey Trucking.  The ability of D&K and Mont's to protect their interest could be impaired, as the court may award the three named counterclaim plaintiffs a greater portion of the deposit than they are entitled to receive.  Also, EMI could incur inconsistent obligations with regard to the deposited funds if D&K and Mont's are required to litigate their interest in a separate action.

### 2.    Richard Bailey as a Necessary Party

Defendants contend that complete relief cannot be afforded to them if Mr. Bailey is not joined as a defendant to the counterclaim.  They state that monies deposited by the counter-claimants *may* be in the possession of Mr. Bailey and complete relief, therefore, could not be obtained solely from EMI.

While the courts recognizes that defendants' assertions are plausible predictions, it fails to find undisputed evidence, as this early stage of the litigation, that the depositied money is no longer in EMI's possession and thus only recoverable from Mr. Bailey.  The counter-claimants have failed to show they *cannot* be accorded complete relief.  They have only shown they *may not* be afforded it. Thus, joinder of Mr. Bailey pursuant to Rule 19 is not proper.

**B.    Rule 20. Permissive Joinder of Parties**

Even if the court were to find joinder of D&K and Mont's was not proper under Rule 19(a), defendants have shown the requirements for permissive joinder have been satisfied as to D&K and Mont's, as well as to Mr. Bailey.

Fed. R. Civ. P. 20(a) states:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all persons will arise in the action.

Thus, Rule 20 sets out a two-part test for joinder: (1) whether the claims against defendants arise out of the same transaction or occurrence; and (2) whether there are common questions of law or fact to all defendants.  The purpose of Rule 20(a) is "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits."[10]  Courts generally construe Rule 20(a) broadly and "joinder of claims, parties, and remedies is strongly encouraged."[11]

**1.    D&K and Mont's Permissive Joinder**

The court finds that D&K and Mont's, along with the other counterclaim plaintiffs, are

---

[10] *Biglow v. Boeing Co.,* 501 F.R.D. 519, 520 (D. Kan. 2004) (quoting 7 Wright, Miller & Kane, § 1652, at 395).

[11] *Id.*

seeking joint and several relief against EMI and Mr. Bailey arising out of the same series of transactions or occurrences.  The counterclaim plaintiffs have alleged that they deposited funds and delivered units to EMI and Mr. Bailey in furtherance of the purchase agreement, but EMI and Mr. Bailey did not produce the winch trucks on time.  Moreover, many questions of law and fact will be common to the counterclaim plaintiffs who all assert breach of contract and accounting claims.

### 2.      Richard Bailey's Permissive Joinder

The court holds that Mr. Bailey is a property party pursuant to Rule 20.  As stated above, the counterclaim plaintiffs are seeking joint and several relief from EMI and Mr. Bailey.  Also, the claims arise out of the same series of transactions and have common questions of law and fact.  All the counter-claimants allege EMI and Mr. Bailey failed to produce the winch trucks on time and account for the deposit funds.

Moreover, courts of this District have allowed the addition of a party when it is alleged that a corporation which is already a party to the action is a mere nominal entity of, or a guise for, the party to be joined.[12]

### C.      Joinder of Richard Bailey as an Individual Party

K.S.A. § 17-7101(b) states:

> No suit shall be brought against any officer, director or stockholder for any debt of a corporation of which he is an officer, director or stockholder, until judgment be obtained therefor against the corporation and execution thereon returned unsatisfied.

The exceptions to the above rule include when the officer willfully participates in acts of fraud or deceit, the officer personally guarantees contracts, or the third person is unaware of the

---

[12] *Green Constr. Co. v. Kansas Power & Light Co.,* 1989 WL 117440 (D. Kan. 1989).

corporation's existence.[13]

The court notes that defendants have alleged in their Answer and Counterclaim that EMI is substantially undercapitalized and Mr. Bailey has siphoned corporate funds of EMI for his personal use. Defendants also state that Mr. Bailey is the alter ego of EMI and various contracts between EMI and defendants constitute contracts between Mr. Bailey and defendants. They further contend that EMI does not appear to have any respect for corporate formalities, and Mr. Bailey is using the corporate form in a effort to shield his fraud and injustice.

Therefore, the court finds that defendants have alleges sufficient facts for two of the § 17-7101(b) exceptions. First, that Mr. Bailey participated in fraud or deceit by siphoning corporate funds and disrespecting corporate formalities. Also, that Mr. Bailey may have personally guaranteed contracts between EMI and the defendants. Because these exceptions apply, Mr Bailey is as a proper party to defendants' counterclaim.

### D.      Waiver of Opposition

As a final note, the court points to the fact that plaintiff makes no objection to the joining of Mr. Bailey based on the application of Rule 19 or 20. Moreover, plaintiff makes no objection to the request to join D&K and Mont's as plaintiffs to the counterclaim. Therefore, because the court holds that K.S.A. § 17-7101 is inapplicable under the current facts and plaintiff does not otherwise object to the joinder of Mr. Bailey, D&K and Mont's, defendants' Motion to Join Additional Parties should be granted. Accordingly,

**IT IS THEREFORE ORDERED** that the Motion to Join Additional Parties (Doc. 2) is hereby **GRANTED**. D&K Trucking, Inc. and Mont's Welding Service, Inc. shall be joined as

---

[13] *Bradbury Co., Inc. v. Teissier-duCros,* No. 03-1391-WEB, 2004 WL 3059542, *8 (citing *Hill Co. v. O'Malley,* 15 Kan. App. 2d 709 (1991)).

plaintiffs to the counterclaim stated in Defendants' Answer and Counterclaim.  Further, Richard T. Bailey shall be made a defendant to the counterclaim stated in Defendants' Answer and Counterclaim.  Counterclaim plaintiffs shall proceed with service of process immediately as to counterclaim defendant Richard T. Bailey.

**IT IS SO ORDERED**.

Dated this <u>7th</u> day of February, 2008, at Topeka, Kansas.

<u>s/ K. Gary Sebelius</u>
K. Gary Sebelius
U.S. Magistrate Judge