IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EARTHMOVERS, INC.,

                Plaintiff,

v.                                                Case No. 07-4134-SAC

SHON MASSEY, SHON MASSEY
TRUCKING, INC., and TRI-STATE
TRUCKING, LLC,

                Defendants.

### **ORDER**

This matter comes before the court upon Plaintiff Earthmovers Inc.'s (EMI) and Counterclaimant Terry Bailey's Motion for Enlargement of Time Relative to Rule 16 and 26 Meetings and Scheduling Order (Doc. 28) and their Motion to Stay Further Proceedings Until After Resolution of Motion to Enforce Settlement (Doc. 33). No response was filed to plaintiffs' Motion for Enlargement of Time and the time for doing so has passed. Defendants have filed a timely response to plaintiff's Motion to Stay (Doc. 35). Although the time for EMI and Mr. Bailey to file a reply has yet to expire, the court finds further briefing on the issue unnecessary and is prepared to rule.

**I.     Motion for Enlargement of Time (Doc. 28).**

EMI and Mr. Bailey ask the court to enlarge the time for the parties to meet and confer to discuss case scheduling under Rule 26(f) and Rule 16(b). They state that various parties were recently joined, and because of EMI and Mr. Bailey's preoccupation with settlement issues, they require additional time to formulate a proposed case schedule and produce initial disclosures.

As stated above, defendants failed to file any opposition to the motion. Normally, "[t]he

failure to file a brief or response within the time specified within Rule 6.1(d) shall constitute a waiver of the right thereafter to filed such a brief or response, except upon a showing of excusable neglect. . . . If a respondent fails to file a response within the time required by Rule 6.1(d) the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."[1]

The court finds that EMI and Mr. Bailey's motion should be granted. Defendants failed to file any responsive pleading, and while defendants discuss the motion it its response to the Motion to Stay this response is out of time with respect to the Motion for Enlargement of Time. Additionally, the court notes that the pleadings in this case were only recently completed.[2] Thus, it was appropriate to delay the scheduling conference until all parties had adequate time to answer the various claims and counterclaims asserted in this case.

**II.     Motion to Stay (Doc. 33).**

EMI and Mr. Bailey also ask the court to stay further proceedings until after resolution of EMI's Motion to Enforce Settlement Agreement. A hearing before Judge Crow regarding the Motion to Enforce Settlement is currently set for May 8, 2008. EMI and Mr. Bailey state that should their Motion to Enforce Settlement be granted, it would diminish the scope of any further work to be completed in the case, including initial disclosures and discovery.

The general rule in the District of Kansas is not to stay case activity even though dispositive motions are pending.[3] In the instant case, EMI and Mr. Bailey's Motion to Enforce

---

[1] *See* D. Kan. Rule 7.4.

[2] On March 19, 2008, D & K Trucking, Inc. and Mont's Welding Service, Inc. filed an Answer to EMI's counterclaim filed February 27, 2008 (Doc. 34).

[3] *Wolf v. United States*, 157 F.R.D. 494, 494 (D. Kan. 1994).

Settlement may resolve certain claims should Judge Crow find the parties reached a valid settlement agreement, as it would dispose of those claims to which it relates. Even so, the settlement agreement does not address the counterclaims of Shon Massy, Shon Massy Trucking, Inc., Tri-State Trucking, LLC, D & K Trucking, Inc. and Mont's Welding Service, Inc. Specifically, Shon Massy has counterclaimed for alleged unpaid commissions and all counterclaimants seek an accounting of the over $700,000 in deposits paid by them to EMI. Therefore, the court finds that because the Motion to Enforce Settlement is not fully dispositive, the parties should proceed with discovery and other pretrial activities.

Moreover, as this action has been on file since November 20, 2007, the court finds a stay of all proceedings would only further delay the timely prosecution of the case.

**IT IS THEREFORE ORDERED** that Plaintiff EMI's and Counterclaimant Terry Bailey's Motion for Enlargement of Time Relative to Rule 16 and 26 Meetings and Scheduling Order (Doc. 28) is hereby granted.

**IT IS FURTHER ORDERED** that plaintiffs' Motion to Stay Further Proceedings Until After Resolution of Motion to Enforce Settlement (Doc. 33) is hereby denied.

**IT IS FURTHER ORDERED** that no later than **May 16, 2008**, the parties shall confer to develop a proposed discovery plan. By **May 20, 2008**, the plaintiff shall submit a completed report of the parties' planning conference to the undersigned magistrate judge. A scheduling conference shall be held by telephone on **May 23, 2008 at 9:30 a.m**. Should the parties have additional questions regarding the scheduling conference they are directed to refer to the Initial Order Regarding Planning and Scheduling filed contemporaneously herewith.

**IT IS SO ORDERED**.

Dated this 4th day of April, 2008, at Topeka, Kansas.

s/ K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge