IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EARTHMOVERS, INC.,

       Plaintiff,

Vs.                                                    No. 07-4134-SAC

SHON MASSEY, SHON MASSEY
TRUCKING, INC., and
TRI-STATE TRUCKING, LLC.,

       Defendants.

MEMORANDUM AND ORDER

The case comes before the court on the motion of the plaintiff Earthmovers, Inc. ("EMI") to enforce a settlement agreement or, alternatively, to compel mediation between the plaintiff and the defendant Tri-State Trucking, LLC and the counterclaimants, Mont's Welding Service, Inc. ("Mont's Welding") and D & K Trucking, Inc. ("D&K").[1] (Dk. 20). At the hearing on May 8, 2008, the court gave the parties the opportunity to offer any additional arguments or evidence that had not already been submitted in the parties' memoranda and supporting exhibits and affidavits. In response, counsel for EMI changed or, at least, clarified its representation

---

[1] As stated in its prior order, the court for its convenience will refer to these latter three entities as simply "Tri-State."

as to the amount of Tri-State's deposit toward unit 30 by reducing it from $90,750 to $30,777.50. Counsel for EMI also proffered that it had e-mails to demonstrate that after the December settlement conference EMI worked on the three trucks in reliance on the parties' apparent settlement. Counsel for Tri-State offered no new arguments and proffered no additional evidence. Having reviewed all matters submitted for its consideration, the court is ready to rule.

In its order filed April 30, 2008, (Dk. 39), the court set out the law governing EMI's motion and adopts here that discussion by reference. The court certainly is prepared to address all of the proffered facts appearing in the parties' pleadings and to make findings as appropriate. The court, however, doubts the value in that effort at this early stage of the litigation.

The parties' filings demonstrate a material factual dispute over whether an agreement has been reached and what the terms of any such agreement were. In its prior order, the court pointed out that the affidavit of Richard T. Bailey, the principal of EMI appearing in the settlement negotiations, directly contradicted the affidavit of Dusty Morris, the principal of D&K appearing in the settlement negotiations, on the material term of

whether their purported settlement agreement resolved all claims between the parties or resolved only Tri-State's claim for replevin relief and immediate possession of the trucks.  The record regarding this material conflict did not change with the hearing.  The parties did not testify and maintained that their testimony would not differ from that found in their affidavits.

The court has carefully weighed the parties' respective explanations for their different understandings on the scope of their settlement agreement.  The court has considered the practical logic and merit in EMI's position that it would not have agreed to apply all deposited monies in its possession toward the purchase price of these finished units without a settlement of all claims between it and Tri-State, Mont's Welding, and D&K.  By the same token, the court finds it to be equally significant what counsel represented to this court on December 19th:

> MR. KENNEY [Tri-State's Counsel]:  Your honor, I believe that your suggestion has proved very fruitful.  The parties were able to go back in the jury room and negotiate an agreement to deal with the three trucks that we were here on with a replevin action.  So I think for purposes of our motions here today, we do not need to proceed today.  I would request that we just hold them in abeyance until the parties agree to this in writing, which will take a day or two; but then we will withdraw our motion for replevin after that point.
>
> THE COURT:  Counsel?

3

> MR. MARSHALL [EMI's Counsel]: I concur with what Mr. Kenney said. Everything he said is accurate.
>
> THE COURT: Well, I want to congratulate the parties. Possibly the entire litigation can be resolved. You have to get together, though. You can't do it long distance. You must get together. . . .

(Dk. 19, pp- 7-8). The representations of Tri-State's counsel do not suggest the settlement extended beyond a disposition of the three trucks and the motions concerning them. Counsel's words do not imply that the parties had resolved all claims between them and that an agreement would be forthcoming which would result in the dismissal of all claims between these parties. Rather than disputing or clarifying the scope of the settlement, counsel for EMI concurred and agreed with Tri-State's counsel. From its response on the record, the court even understood from counsels' representations that claims for litigation remained between these parties.

The record establishes that on December 19 the parties had not reached a meeting of the minds on whether the settlement agreement extended to all claims or to only Tri-State's replevin and immediate possession claim. The parties' memoranda and their attachments demonstrate no mutual understanding on this essential term. The court denies EMI's motion to enforce the settlement agreement on the terms argued by it. The court also denies Tri-State's request to enforce the

4

settlement agreement on the terms argued by it.  The court grants EMI's motion to compel mediation, and the details regarding the mediation will be addressed in an agreed order to be filed shortly.

IT IS THEREFORE ORDERED that EMI's motion to enforce settlement agreement (Dk. 20) and Tri-State's request to enforce the Tractor Trailer Winch Installation Agreement (Dk. 24) are denied;

IT IS FURTHER ORDERED that EMI's alternative motion to compel mediation (Dk. 20) is granted on the terms set forth in an agreed order to be filed later.

Dated this 13th day of May, 2008, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge