IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EARTHMOVERS, INC.,

        Plaintiff,

Vs.                                            No. 07-4134-SAC

SHON MASSEY, SHON MASSEY
TRUCKING, INC., and
TRI-STATE TRUCKING, LLC.,

        Defendants.

MEMORANDUM AND ORDER

The case comes before the court on the motion of the defendants Shon Massey, Shon Massey Trucking, Inc. and Tri-State Trucking, LLC, to dismiss counts five and six of the plaintiff's first amended complaint for failure to state a claim upon which relief can be granted. (Dk. 64). On September 3, 2008, the plaintiff Earthmovers, Inc. ("EMI") filed a response opposing this motion. (Dk. 78). Less than two weeks later, however, EMI filed a motion to dismiss these same counts without prejudice. (Dk. 93). In response to the plaintiff's motion, the defendants agree the court should dismiss the plaintiff's counts but with prejudice and with an award of attorneys' fees and costs incurred in defending against those counts.

**BACKGROUND**

In June of 2008, EMI sought leave to amend its complaint to add claims for defamation and punitive damages based on statements made by the defendants about which the plaintiff recently learned. (Dk. 48). EMI attached the required copy of the proposed amended complaint to its motion. The defendants filed no response to EMI's motion, and the magistrate judge granted EMI's motion as uncontested. (Dk. 56).

Less than three weeks later, the defendants filed a Rule 12(b)(6) motion to dismiss the added claims of defamation and punitive damages. (Dk. 64). On the defamation claim, the defendants advance several challenges to the sufficiency of that pleading. First, the count fails to allege the persons to whom the defamatory statements were made and the time and place of their publication. Second, the alleged defamatory statements are either statements of opinion or truthful statements. Third, special damages are not pleaded. On the punitive damages claim, the defendants argue a punitive damages claim cannot stand alone under Kansas law and this claim seeks only relief on the defamation claim which is already subject to dismissal for its pleading deficiencies.

The plaintiff EMI filed a response opposing the motion to

dismiss. (Dk. 78). EMI argues its amended complaint identifies the defamatory statements, who made them, and to whom they were made, "customers and potential customers." (Dk. 57, ¶ 47). EMI goes on in its response to disclose that it "learned of the defamatory statements in the fall of 2007" and that as identified in its supplemental Rule 26 disclosure the "statements were made at least to Jerry Smith of Grand Junction, Colorado, and to employees of MHC Kenworth of Denver." (Dk. 78, p. 4). EMI denies that the statements are mere opinion or truthful. EMI alternatively asks for an opportunity to cure any pleading deficiencies determined by the court.

On September 15, 2008, the plaintiff's attorneys filed a motion to withdraw as counsel for EMI. (Dk. 90). The attorneys offer as their reason that their client has not substantially met its obligation to pay its attorneys and the ongoing expenses. The attorneys say their continued representation would be an unreasonable financial burden. The magistrate judge granted this motion on September 17, 2008. (Dk. 97). While new counsel entered his appearance for EMI on November 11, 2008, he has not filed any additional pleadings on EMI's behalf on the matters addressed in this order.

On September 16, 2007, the plaintiff EMI, through its former counsel, filed a motion to dismiss without prejudice counts five and six of its first amended complaint. (Dk. 93). The motion offers no reasons for the relief sought but does state that the defendants would not be prejudiced by the dismissal. The defendants filed a response opposing the dismissal without prejudice of these claim and proposing instead that the dismissal be with prejudice and that the defendants be awarded their attorneys' fees and costs incurred in defense of these claims. EMI has filed no reply.

**ANALYSIS AND RULING**

After the opposing party has filed an answer or motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A dismissal without prejudice is committed to the district court's discretion. *American Nat. Bank and Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir.1991). "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (quotation and citation omitted). "Absent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal."

*Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997) (citation omitted), *cert. denied*, 522 U.S. 1052 (1998). In *Brown*, the Tenth Circuit discussed:

> Prejudice does not arise simply because a second action has been or may be filed against the defendant, *Am. Nat'l Bank & Trust Co.*, 931 F.2d at 1412, which is often the whole point in dismissing a case without prejudice. Rather, prejudice is a function of other, practical factors including: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." *Ohlander*, 114 F.3d at 1537. These factors are neither exhaustive nor conclusive; the court should be sensitive to other considerations unique to the circumstances of each case. *Id.* And "[i]n reaching its conclusion, the district court should endeavor to insure substantial justice is accorded to both parties, and therefore the court must consider the equities not only facing the defendant, but also those facing the plaintiff." *County of Santa Fe v. Public Serv. Co.*, 311 F.3d 1031, 1048 (10th Cir. 2002) (quotation omitted).

*Brown v. Baeke*, 413 F.3d at 1124.

In setting conditions to dismissal, the court should impose only those conditions which actually will "alleviate any prejudice a defendant might otherwise suffer upon refiling of an action." *American Nat. Bank*, 931 F.2d at 1412. Payment of taxable costs is a typical term or condition, but other possibilities are the payment of some or all of the other expenses and/or attorneys' fees or a requirement on the use of discovery or about the refiling of certain claims. *Gonzales v. City of Topeka Kansas*, 206

F.R.D. 280, 282, 283 (D. Kan. 2001). "In ordering the payment of costs as a condition, the court cannot include those expenses for items that will be useful in another action or that were incurred unnecessarily." *Id.* (quotation marks and citations omitted). "The moving plaintiff must be given a reasonable opportunity to withdraw his motion if he finds those conditions unacceptable or too onerous." *Id.* (quotation marks and citations omitted).

In seeking the conditions of dismissal with prejudice and an award of attorneys' fees and costs, the defendant argues the following. The defendants served deposition subpoenas on Jerry Smith and a MHC Kenworth representative after receiving the plaintiff's supplemental Rule 26 disclosure that named these individuals as having discoverable information on the defamatory statements. Jerry Smith and Jeff Hartmann, a representative of MHC Kentworth, contacted the defendants' counsel about the subpoenas and both later signed affidavits that are attached to the defendants' memorandum. (Dk. 100, Ex. B). Smith's affidavit states that he does not know the individual members of Tri-State Trucking and is unaware of any defamatory statements about EMI made by Shon Massey or Tri-State Trucking. Hartmann's affidavit states that he internally

6

investigated these matters within MHC Kentworth and found no individuals with knowledge of any defamatory statements about EMI made by these defendants.

> From the affidavits, the defendants surmise:
>
> Plaintiff had absolutely no factual basis for asserting the defamation claim or the related punitive damages claim.  The affidavits of Smith and Hartmann affirmatively establish that these claims were prosecuted in bad faith.  The fact that Plaintiff's counsel is seeking a voluntary dismissal of these claims concurrent with their withdrawal in this case is telling; and their request for a dismissal without prejudice is absurd.  Jerry Smith's sworn statement says that he does not even know any of the Defendants to the defamation claim.[1]  This is the very definition of a frivolous claim and there is no question that Defendants have been prejudice by expending resources in defense of these claims.  Accordingly, the Court should condition the dismissal of these claims by requiring that they be dismissed with prejudice and that Defendants receive an award for their attorneys' fees and costs.  If the Court is unwilling to condition dismissal on these grounds, then the Court should deny Plaintiff's Motion and dismiss these claims with prejudice pursuant to Fed. R. Civ. P.  12(b)(6), as previously requested by Defendants.

(Dk. 100, pp. 2-3).   The defendants claim prejudice in having to defend claims that they believe are without merit as shown by the affidavits.  Thus, the defendants propose serious conditions that effectively would grant them final relief on those claims and would compensate them for having

---

[1]This statement is not entirely accurate, as Smith avers that he knows "of the existence of Tri-State Trucking, . . . but" he does "not know any of its members."  (Dk. 100, Ex. B, ¶ 5).  Tri-State is a named defendant to count five of the first amended complaint.

7

pursued their defense to date.  The defendants want the court to find as a matter of law that the plaintiff's counts five and six are without merit and then to dismiss those counts with prejudice.  The defendants also ask the court to award them fees and costs as a sanction for the plaintiff's bad faith prosecution of these counts.

        The procedural posture of this case does not justify granting such sweeping affirmative relief to the defendants as terms and conditions of a Rule 41(a)(2) dismissal.  What the defendants assert to be prejudice is not of the kind a defendant might otherwise suffer if the plaintiff were to file these same counts later.  The defendants do not articulate what prejudice would be suffered if the plaintiff were to file again this defamation claim.  The defendants did file a Rule 12(b)(6) motion raising pleading deficiencies, but they also chose not to oppose the plaintiff's motion to amend when the same arguments could have been raised.  The defendants now want the court to decide the merits of the plaintiff's claims without the defendants having to file a proper dispositive motion[2] on those grounds.  Notably, the

---

[2]Had the court addressed the merits of the defendants' pending Rule 12(b)(6), it would not have found that all of the alleged defamatory statements were opinion or truthful and would not have sustained the other arguments without first providing the plaintiff with an opportunity to cure the pleading deficiencies.  The court also would have required the plaintiff to include its claim for punitive damages as part of the defamation count and

8

plaintiff's prompt filing of its dismissal motion has spared the defendants this expense of an additional dispositive motion. There is nothing to suggest that the defendants devoted much time or expense toward the defense of these claims. In light of the affidavits, one certainly would be right in questioning the adequacy of the plaintiff's investigation prior to the filing of its amended complaint. If the balance of factors did not heavily favor the plaintiff's motion here, the court would be inclined to have this factor more fully briefed and explained. But considering the minimal delay and costs associated with these claims, the prompt dismissal of them and the early stage of this litigation, the court will grant the plaintiff's motion to dismiss without prejudice.

In the same vein, the defendants are wanting the court to award sanctions without having to file a proper sanctions motion in compliance with all applicable procedural requirements. *See* Fed. R. Civ. P. 11. The defendants offer as authority for their position several case law citations, but none bears any resemblance to the facts here. Moreover, the record in this

---

not as a separate count. Therefore, it is unlikely that the defendants' Rule 12(b)(6) motion, as presented, would have been granted on the merits, and any decision would have likely required additional briefing from the parties. The plaintiff, however, filed its motion to dismiss these counts before the defendants' Rule 12(b)(6) was even ripe for decision.

case does not sustain the defendants' cursory allegations of exceptional circumstances.  The court rejects the defendants' zealous speculation of bad faith and what EMI and/or its counsel did or did not do prior to filing the first amended complaint.  The reasons for the withdrawal of the plaintiff's counsel are stated in their motion.  Moreover, it would be improper for this court to assume the plaintiff's defamation claim was brought in bad faith based solely on the two affidavits furnished by the defendants.  The court eschews even entertaining such allegations without a proper motion and a full briefing of the issues.

Given all the circumstances, the court finds that justice is best served by granting plaintiff's motion for voluntary dismissal without prejudice upon the following conditions.  Should the plaintiff later refile these dismissed claims in this court or any court, the following conditions will apply and be enforceable:  (1) discovery conducted on these claims in this case will be provided and used upon the refiling; (2) the plaintiff will reimburse the defendants for the taxable costs incurred in this action in defense of these dismissed claims; and (3) the plaintiff will timely pay the defendants' attorneys' fees incurred in preparing the memorandum in opposition (Dk. 100) and its attachments, as well as, any other fees and/or

expenses the defendants are able to show will be duplicated in the second action. The court will determine the amount of such fees and expenses if and when the plaintiff refiles his claims. Should the plaintiff refile these claims and fail to satisfy all of these stated conditions, the court may, upon defendants' motion, convert this dismissal into one with prejudice. The court retains jurisdiction over these claims for these limited purposes. If the plaintiff considers these conditions unacceptable or too onerous, the court expects the plaintiff will file a timely motion to reconsider and/or a motion to withdraw its motion to dismiss.

IT IS THEREFORE ORDERED that the plaintiff EMI's motion to dismiss without prejudice counts five and six of its first amended complaint (Dk. 93) is granted on the conditions stated above;

IT IS FURTHER ORDERED that the defendants motion to dismiss for failure to state a claim upon which relief can be granted (Dk. 64) is denied as moot.

IT IS FURTHER ORDERED that the counterclaim defendant EMI's motion to dismiss the counterclaims of Shon Massey (Dk. 52) is denied as moot in light of the subsequent filing of the first amended answer and counterclaim (Dk. 87).

11

Dated this 17th day of December, 2008, Topeka, Kansas.

                s/ Sam A. Crow
                Sam A. Crow, U.S. District Senior Judge